Labauve, J.
This is a devolutive appeal from an order of seizure and sale granted by the District Court of the Parish of Iberville, on the 22d November, 1865, for the sum of $16,000, with interest.
On the 27th March, 1858, Benjamin Deblieux and wife, two of the petitioners, being the owners of a plantation and slaves, by authentic act, sold to said J. A. Gréaud the two undivided thirds of the same, for the price of $66,666 66, payable as follows, as stated in the act of sale :
The purchaser, J. A. Gréaud, assumes to pay in lieu and place of the vendors, in the same manner and form as they are bound to pay, the two-thirds of the following mortgage debts which are due by the said vendors, as follows :
1. Amount due the Citizens’ Bank, is $13,050, of which two-thirds is................................................ $8,700 00
2. Amount due Widow W. Dodd, $16,000, of which two-thirds is................................................ 10,666 66
And the balance of the price remaining, say $47,300, payable as follows:
1. The sum of $35,379 42, payable in cash, the receipt whereof is hereby acknowledged respectively by the said Mrs. Deblieux and husband....................................... 35,379 42
2. The further sum of $11,920 58, payable in all the month of March next, 1859....................................... 11,920 58
Equal to the price of purchase......$66,666 66
*126 In this act intervened Mrs. 'Widow Wm. Dodd, who agreed to postpone the payment of the 316,000 until the 1st of January, 1862, all interest to be paid annually.
On the 23d of December, 1858, by another authentic act; the saidDeblienx and wife sold out to said Gréaud the remaining undivided third, thus making him the owner of the entire property; and in this act of sale it is stated :
The price and consideration of the above sale, made to Jacques A. Gréaud, the purchaser, is $37,386, payable as follows :
The purchaser assumes to pay, in the lieu and place of the said vendors, in the same manner and form as they are bound to pay, the one-third of the following mortgage, debts, which are due. by the said vendors, as follows :
1. Amouut duo to the. Citizens’ Bank of Louisiana by the said vendors and purchase.!', is $12,690, the one-third is........ $4,200 Oil
2. Amount to the Widow "Win. Dodd, as per act passed before the undersigned notary, on the 27th March, 1858, is $16,000, payblo 1st January, 1862, the one-third is................ 5,333 33)
And the balance, of the price, say $27,852 66payable as follows :
1. The sum of $10,000, payable in cash, the receipt whereof is hereby acknowledged respectively by said Mrs. Elizabeth Deblieux and her husband, B. Deblieux.................. 10,000 00
2. The sum of $3,926 33).,', payable in all March, 1860, with interest at 8 por cent, per annum from date till paid...... 8,926 33)
3. The further sum of $8,926 S3);,, payable in all March, 1861, with 8 per cent, interest per annum from date till paid........................•........................... 8.926 33)
Equal to the price of purchase......$37,386 00
This act continues on and states that the purchaser has executed his two promissory notes accordingly, and to secure the payment thereof the one undivided third part of the. property heroin sold is to remain specially mortgaged.
The above sum of $16,000, assumed by said Gréaud, was created in favor of the Widow Dodd, in the acts of 3d January, 1849, and of 18th February, 1851; both acts wore, passed before the recorder of the parish of Iberville and duly recorded.
Mrs. Widow Dodd having dejDai'ted this life, Mrs. Deblieux and Mrs. Hchlatre, the plaintiffs (her daughters), were recognized her heirs and put in possession of her estate, and they brought this snit. Their quality of heirs is not disputed by the appellant.
But the defendant and appellant relies on two grounds only to sustain his appeal and to dismiss the order of seizure and sale :
1. That the mortgage given to secure the said debt was extinguished, for want of re-inscription, at the time the order of seizure and sale was issued.
2. That the defendant is a third possessor, and should be proceeded against as such.
This position is untenable ; for it is clear that the defendant, in assum *127 ing the mortgage debt’due Mrs. Widow Dodd, became personally bound and liable, in lieu oi the original debtor, for the debt thus assumed. The §16,000 was a part of the price of the property sold to him by Benjamin Deblieux, and was in law secured by the privilege of the vendor, and Mrs. Widow Dodd was authorized by law to proceed by order of seizure and sale of the property to satisfy her claim. Civil Code, Arts. 3216, 3238. Code of Practice, Arts. 732, 733, 734. 12 R, 279. 3 A. 603. ] R. 135. 6 R. 407. 16 L. 223. 15 L. 184. 8 A. 267. 17 R. 66.
It is therefore ordered, adjudged and decreed., that the judgment of the District Court be affirmed, with costs,